UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT PEARLSTEIN,

                 Plaintiff,

-against-

CIBC WORLD MARKETS,
MICHAEL ATALLAH, and NEIL KAMIN,

                 Defendants.
------------------------------------------------------------X

NOT FOR PUBLICATION

**REPORT AND RECOMMENDATION**
07 CV 0495 (RRM)(LB)

**BLOOM, United States Magistrate Judge:**

On January 22, 2007, plaintiff Robert Pearlstein, appearing *pro se*, brought this action alleging discrimination in employment. By Order dated February 26, 2007, the Court denied his request to proceed *in forma pauperis*, and ordered him to remit the filing fee in order to proceed. Plaintiff paid the filing fee on March 5, 2007 and, at that time, was issued summonses and instructions on how to serve defendants. However, plaintiff has failed to file proof of service or show good cause why service has not been made.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Where a *pro se* plaintiff fails to properly serve process on defendant within 120 days of filing the complaint, the Court may dismiss the action *sua sponte* pursuant to Rule 4(m) after giving notice to the plaintiff. Thompson v. Maldonaldo, 309 F.3d 107 (2d Cir. 2002). On October 11, 2007, the Honorable Edward R. Korman[1] gave plaintiff notice, by directing him to show cause within

---

[1] The case was subsequently reassigned to the Honorable Roslynn R. Mauskopf on December 20, 2007.

30 days why the Complaint should not be dismissed for failure to serve the defendants. To date, plaintiff has not filed proof of service or otherwise communicated with the Court. Accordingly, it is respectfully recommended that plaintiff's complaint should be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m). See Davidson v. Grillo, No. 05-CV-4960 (NG)(LB), 2006 WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006) ("It is not an efficient use of the Court's or defendants' resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future.").

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED:

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: January 18, 2008
      Brooklyn, New York